**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BERNADET GUEVARRA,

               Plaintiff - Appellant,

   v.

SETON MEDICAL CENTER, et al.,

               Defendants - Appellees.

No. 13-17457

D.C. No. 4:13-cv-02267-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Argued and Submitted February 10, 2016
San Francisco, California

Before: HAWKINS and MURGUIA, Circuit Judges and MURPHY,[**] District
Judge.

      Plaintiff-Appellant Bernadet Guevarra ("Guevarra") was terminated from her

position as a nurse at Seton Medical Center ("Seton") after she posted a message on

her Facebook page that contained perceived threats against her supervisor. A

_____

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Stephen Joseph Murphy III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

colleague of Guevarra's reported her post to Seton officials. The California Unemployment Insurance Appeals Board ("CUIAB") subsequently denied her unemployment benefits. After the conclusion of both her unemployment benefits proceedings and a state bench trial in a civil rights suit Guevarra filed against Seton,[1] Guevarra initiated this action against the CUIAB, its Chairman Robert Dresser ("Dresser"), and Seton.

She now appeals the dismissal with prejudice of her federal constitutional due process and freedom of speech claims under 42 U.S.C. § 1983 against the CUIAB and Dresser, and her breach of contract and California Constitution free speech claims against Seton. Guevarra also moves the Court to certify to the California Supreme Court the question of whether a violation of the California Constitution's free speech clause requires state action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the dismissal and deny Guevarra's motion for certification.

## I. Claims Against the CUIAB and Dresser

The CUIAB found Guevarra ineligible for benefits under Unemployment Insurance Code section 1256 because she was fired for "misconduct connected with work." The CUIAB held that Guevarra was let go because her Facebook

---

[1] At oral argument, the parties informed the Court that the state court ruled for Seton, and Guevarra's appeal is currently pending.

post—visible to all her "friends" on the site, including fellow Seton employees—violated Seton's policy against threatening or using abusive language against co-workers.

Dissatisfied, Guevarra filed a petition for writ of administrative mandate in San Mateo County Superior Court. She hinged her petition on the theory that the CUIAB's decision abridged her constitutional freedoms. Since Guevarra failed to name Seton, a real party in interest, and was precluded from doing so by the statute of limitations, the superior court upheld the CUIAB's decision and dismissed her petition with prejudice.

The *Rooker-Feldman* doctrine now precludes federal subject matter jurisdiction over her claims against the CUIAB and Dresser because they comprise a de facto appeal of the state court's dismissal of Guevarra's petition. *Rooker-Feldman* applies when a plaintiff asserts error by the state court as an injury, and seeks relief from the state court judgment as a remedy. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

Here, Guevarra does both. Adjudication of her constitutional claims would necessitate examining the state court's decision, and granting relief would require disturbing it. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 901–02 (9th Cir. 2003) (holding that due process claim against state court judge for bias was "inextricably

3

intertwined" with the state court's decision, and thus beyond the federal court's subject matter jurisdiction).

Second, Guevarra's § 1983 claims fail because the CUIAB enjoys absolute Eleventh Amendment immunity from suits for damages and the injunctive relief Guevarra seeks. *See Mitchell v. Forsyth*, 472 U.S. 511, 520 (1985). The Eleventh Amendment likewise insulates Dresser, named in his official capacity, from Guevarra's claim for damages, and she fails to plead his personal involvement in her case, beyond merely citing his status as Chairman of the CUIAB, that could sustain the claim for equitable relief. *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007).

Given that Guevarra offered no facts or theories in her briefs or at oral argument that could save these claims by amendment, dismissal with prejudice was appropriate.

## II. Claims Against Seton

The district court also properly dismissed Guevarra's claims for breach of contract and breach of the covenant of good faith and fair dealing for Guevarra's failure to exhaust binding grievance arbitration procedures set forth in the Contractual Bargaining Agreement ("CBA") between Seton and her union.

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, establishes federal jurisdiction over "[s]uits for violation of contracts between an

4

employer and a labor organization." It displaces state-law claims whose outcomes depend on analysis of a CBA's terms. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997–98 (9th Cir. 1987).

However, Guevarra cannot sustain a claim under the LMRA because she was party to a collective bargaining agreement with Seton that contained mandatory grievance and arbitration procedures, which she failed to exhaust. Guevarra, in essence, pleads wrongful termination without just cause. Such an allegation falls squarely within the terms of her CBA. According to the CBA, Seton maintains authority to "discharge or assess disciplinary action [against an employee] for just cause." It further states that "a dispute . . . concerning . . . whether or not discipline, including discharge, is for just cause . . . *shall* be handled in accordance with the procedure [the CBA] set[s] forth." It is not in dispute that Guevarra's union did not initiate grievance procedures, nor did she pursue action against her union for failing to do so.[2] This failure bars her from pursuing remedies in district court now, and dismissal with prejudice was proper.

---

[2] As the district court noted, leave to amend for Guevarra to plead that her union breached its duty of fair representation would be fruitless because the six-month statute of limitations for such a claim long ago expired. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 986 (9th Cir. 2007).

Guevarra's second claim against Seton, for a violation of free speech rights as protected by the California Constitution, likewise succumbs to a fatal deficiency: such a claim must arise from state action. Article I, section 2 states, "[e]very person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." Guevarra acknowledges that Seton is a private entity.

Guevarra argues that there exists sufficient disagreement among California authorities on whether Article I, section 2 mandates state action to merit certification of the question to the California Supreme Court. We disagree. While this question has not received a square answer, California courts have applied Article I, section 2's protection against private actors only in cases when a private actor owns property that has been opened up to the public such that it becomes a quasi-public forum, and the private actor thereby resembles a state actor. *See, e.g.*, *Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8*, 55 Cal. 4th 1083, 1093 (2012); *Fashion Valley Mall, LLC v. NLRB*, 42 Cal. 4th 850, 856–57 (2007). Certification is also inappropriate because it is unlikely that the California Supreme Court's answer would be outcome determinative. *See* Cal. Rule of Court 8.548 (certification is appropriate where there is no controlling precedent, and the decision could determine the outcome of a matter pending in the requesting court).

We do not see a way Guevarra could amend her allegations into viable claims, nor does she suggest one. We therefore affirm the district court's dismissal with prejudice and deny Guevarra's motion for certification.

**AFFIRMED**.